IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN COOK,                           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )  CASE NO. 1:10-CV-574-WKW [WO]
                                      )
WAL-MART STORES, INC.,                )
                                      )
            Defendant.                )

## MEMORANDUM OPINION AND ORDER

The setting of one of Gary Larson's The Far Side comics is a vast expanse of ice, presumably in Antarctica, where a prone penguin looks upon the cause of its proneness: a very, very unfortunately placed banana peel. Unlike most banana peel comics and cartoons, the hilarity of Mr. Larson's sketch is not in the slapstick acrobatics of the slip or the often-accompanying high-pitched sound effect. Rather, Mr. Larson's humor is directed at the absurdity of the situation. How did a banana peel find its way to Antarctica? How on earth (Antarctica, specifically) did the unfortunate penguin not see the dark shape of the rotting peel against the flat, barren, white surface? Or perhaps the sketch invoked the quasi-scientific principle known as Murphy's Law. In other words, the banana peel was there, so something was bound to slip on it.

In this case, the banana was there, in the vast expanse of the Wal-Mart parking lot, and Plaintiff slipped on it. She filed a Complaint (Doc. # 1, Attach. 4), and Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") removed the case to this court (Doc. # 1). Now pending is Wal-Mart's Motion for Summary Judgment, which is accompanied by a brief and

evidentiary submissions.  (Docs. # 13-14.)  Plaintiff filed a response in opposition. (Doc. # 18.)  Upon careful consideration of counsels' arguments, the relevant law, and the record as a whole, the court finds that Wal-Mart's motion is due to be denied.

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a).  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.").

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to

present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); Fed. R. Civ. P. 56(c). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). Furthermore, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (*per curiam*) (citation and internal quotation marks omitted).

A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). However, if the evidence on which the nonmoving party relies "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 242 (citations omitted). "Speculation does not create a *genuine* issue of fact . . . ." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (emphasis in original). Likewise, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a

motion for summary judgment[,]" *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (*per curiam*) (A plaintiff's "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment.").

Hence, when a nonmovant fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Thus, in cases where the evidence before the court is admissible on its face or can be reduced to admissible form and indicates there is no genuine issue of material fact, and where the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact).

4

On summary judgment, the facts must be viewed in the light most favorable to the non-movant. *See Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002). Hence, "'facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case.'" *Id.* (quoting *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 n.3 (11th Cir. 2000)).

## III.  BACKGROUND

The submitted evidence, construed in the light most favorable to Plaintiff, establishes the following facts.

Plaintiff had just purchased some office supplies from the Enterprise, Alabama Wal-Mart in the late afternoon of July 9, 2008.  (Cook Dep. 7-8, 11 (Doc. # 14, Ex. A).)  After placing her purchases in her vehicle, Plaintiff acted as many shoppers do not.  She courteously chose to push her empty shopping cart over to the cart corral, rather than abandon it in the middle of the parking lot and allow it to become a hazard and impediment to other shoppers.  No good deed goes unpunished.  Ironically, Plaintiff's courtesy caused her a cruel twist of fate, among other twists, when she encountered someone else's discourtesy on her trek back to her car: the subject banana.  Like the unlucky penguin, Plaintiff found herself on the pavement, injured.

## IV.  DISCUSSION

"The duty owed to an invitee by [a business] is the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition." *Lilya v. Greater Gulf State Fair, Inc.*, 855 So. 2d 1049, 1054 (Ala. 2003) (internal quotations marks, brackets and citations

5

omitted).  As the Alabama Supreme Court has reiterated, "'[t]he storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.'"  *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 101 (Ala. 2003) (quoting *Cash v. Winn-Dixie of Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982)).  For negligence to attach, the business must have "had or should have had notice of the defect before the time of the accident."  *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992) (citation omitted).  This is so because "'[t]he entire basis of a [business's] liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries."  *Fowler v. CEC Entm't*, 921 So. 2d 428, 432-33 (Ala. Civ. App. 2005) (quoting *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002)).   If the business (or one of its employees) creates the dangerous condition, then the business is deemed to have actual notice of it.  *Nelson v. Delchamps, Inc.*, 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997).  If, as in this case, there is no evidence that the business has created the dangerous condition, notice can be proved by showing "(1) that the substance slipped upon had been on the [parking lot] a sufficient length of time to impute constructive notice . . .; or (2) that [the business] had actual notice that the substance was on the [parking lot]; or (3) that [the business] was delinquent in not discovering and removing the substance."  *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala. 1992) (quoting *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990)).  However, if the plaintiff cannot prove notice in any of these ways, then "that superior knowledge [of the business] is lacking, . . . [and] the [business] cannot be held liable.'"  *Fowler v. CEC Entm't*, 921 So. 2d

428, 432-33 (Ala. Civ. App. 2005) (quoting *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002)).

In this case, Wal-Mart argues that it is entitled to summary judgment because there is no genuine issue of material fact that it had any actual or constructive notice, or otherwise acted delinquently in failing to discover and remove the potassium-rich hazard from its parking lot. *See Maddox*, 565 So. 2d at 16. The Millers, who found the prone Plaintiff, and Plaintiff herself, all conceded in their depositions that they knew of no evidence suggesting that Wal-Mart had actual notice of the hazard. (Cook Dep. 19; S. Miller Dep. 28 (Doc. # 14, Ex. B); T. Miller Dep. 14-15 (Doc. # 14, Ex. C).) Moreover, there is no evidence in the record that Wal-Mart otherwise acted delinquently regarding, for example, its monitoring of the parking lot for potential hazards. *See Maddox*, 565 So. 2d at 16.[1]

Thus, Wal-Mart's motion for summary judgment turns on whether there is a genuine issue of material fact that "the [banana] . . . had been on the [parking lot] for a sufficient length of time to impute constructive notice to [Wal-Mart]."[2] *Id.* The Alabama Supreme Court has held that

---

[1] Wal-Mart is noticeably silent on its rules, employee instructions, procedures and practices with regard to maintaining the safety of the subject lot.

[2] "[A] storekeeper's duties with regard to the parking lot are essentially the same as those that relate to the inside of the store." Louis Lehr, Premises Liability § 51:7 (3d ed. 2002). However, the application of the duty of ordinary and reasonable care in the parking lot may be more deferential to the business. *Kaufman v. State Street Ltd. P'Ship*, 522 N.W.2d 249, 253-54 (Wis. Ct. App. 1994) (distinguishing context of hazards outside the store versus inside); *Rutledge v. Brookshire Grocery Co.*, 523 So. 2d 914, 916-17 (La. Ct. App. 3d Cir. 1988) (explaining that under Louisiana law the store patron has an increased "duty of awareness" when walking outside the store versus inside); *see also City Council of Montgomery v. Wright*, 72 Ala. 411 (Ala. 1882) (explaining that a finding of constructive notice of a hazard relates to the hazard's notoriety).

> it is permissible to allow a jury to infer the length of time from the nature and condition of the substance.  This has been allowed where the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the [ground] long enough to raise a duty
>
> on the defendant to discover and remove it.

*Cash*, 418 So. 2d at 876 (citing *S.H. Kress & Co. v. Thompson*, 103 So. 2d 171 (Ala. 1957)).[3]

However, if the summary judgment evidence requires an inference based upon speculation as to the length of time the banana was on the parking lot, then Wal-Mart is entitled to summary judgment.  *See Cordoba*, 419 F.3d at 1169 ("Speculation does not create a *genuine* issue of fact . . . .").

Plaintiff had not noticed the banana on her way into the store or at any point prior to her fall, nor had either of the two witnesses, Sandra Miller and her granddaughter Tiquaysha Miller.  (Cook Dep. 19; S. Miller Dep. 25-26; T. Miller Dep. 10-12.)  Thus, the only evidence as to how long the banana had been deposited on the parking lot is Plaintiff's and the Millers' testimony concerning the condition of the banana itself after Plaintiff had already slipped on it.[3]  Based on her viewing of Tiquaysha Miller's pictures, Plaintiff described the

---

[3] It is noteworthy to point out the Alabama summary judgment standard under which *Cash* and *S.H. Kress & Company* were decided.  Both cases pre-date Alabama's abolition of the *scintilla* rule.  *See* Charles W. Gamble, 2 McElroy's Alabama Evidence § 448.01 (5th ed. 1996); Ala. Code § 12-21-12(b).  Under federal procedural law governing summary judgment, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment."  *Young*, 358 F.3d at 860.  Although the court understands the above-quoted language from *Cash* to state Alabama substantive law governing proof of constructive notice, it is important to note the evidentiary context in which that case was decided.

[3] Plaintiff never actually saw the banana itself.  Rather, she saw only the banana pulp that was on her leg, and she viewed now-lost pictures of the banana taken by Tiquaysha Miller at some point after the incident.  (Cook Dep. 18-19.)

banana as "black, rotten, [and] squashed[.]"  (Cook Dep. 20.)  Sandra Miller reported that it was "[j]ust a smashed-up banana" that was both "yellow and black[.]"  (S. Miller Dep. 27-28.)  Tiquaysha Miller concluded that the banana was "already smashed" and described it as "yellow, [with] some brown on it, on one of the peel parts."  (T. Miller Dep. 12.)

The age of the banana alone does not make it "reasonable to infer" that the banana had been there long enough to impute constructive notice.  In *F.W. Woolworth Co. v. Ney*, the business had a lunch counter near the back of the store that served banana splits.  194 So. 667, 667 (1940).  The plaintiff, who was "some distance away" from the lunch counter by the hosiery department, slipped on a banana peel that he described to the jury as "black, dark – real dark.  I wouldn't say direct black but real dark brown."  *Id.*  The plaintiff also testified that the peel "appeared to be dirty."  *Id.*  The plaintiff was awarded a judgment on this evidence alone.  On appeal, the Supreme Court reversed the judgment, stating that

> there is absolutely no evidence tending in the slightest degree to show when or how the banana peel came to be on the floor . . . . No evidence which tended in the remotest way to show that this offending instrumentality had been on the floor for such length of time as to charge this defendant . . . with [constructive] knowledge of its presence.  For ought appearing to the contrary the banana peel may have been dropped upon the floor only a few minutes or seconds before the accident . . . .

*Id.* at 669.  The teaching to be extracted from *Ney* is that (even under the old *scintilla* standard) the age of a banana peel alone provides an insufficient amount of evidence of constructive notice to allow the case to go to the jury.  This is especially true in the parking lot context.

In the parking lot of a business, the "offending instrumentality" literally could have come from anywhere, and found its way to the pavement in any condition.  Plaintiff, in arguing that the "banana [had] to have been on the ground in the parking lot for a sufficient period of time to allow it to rotten [sic] and turn black" because "Wal-[M]art typically does not sell 'rotten bananas,'" appears to ignore the infinite possibilities as to the origin of the banana.  In other words, the age of a perishable good found outside the store relays very little in the way of circumstantial evidence regarding how long it was there because there can be no presumption that it came fresh from the store.  *See Great Atl. & Pac. Tea Co. v. Bennett*, 103 So. 2d 177, 178-79 (Ala. 1958) (emphasizing that when the offending substance is "vegetable matter [found] *in a grocery store*[,]" there is "a scintilla of evidence" to support constructive notice); *accord Foodtown Stores, Inc. v. Patterson*, 213 So. 2d 211, 216 (Ala. 1968) ("Each case should be decided upon its specific facts.").

However, under the evidentiary rule elaborated in *Cash*, the fact that a substance has been "dirtied, crumpled, mashed, or has some other [like] characteristic" may present a triable issue of constructive notice.  Plaintiff appears to argue that the banana had been run over by a car (or smashed in some other way) prior to her stepping on it, and the Millers all testified the banana had been mashed or squashed, thus indicating that it had been in the parking lot for a period of time.  (Pl.'s Br. 5 (Doc. # 18).)  Plaintiff specifically points to Sandra Miller's deposition, wherein she testified that "maybe a car maybe would have ran [over it]."  (S. Miller Dep. 27.)

10

The Eleventh Circuit has made it clear that "mere conclusions and unsupported factual allegations are legally insufficient to defeat summary judgment." *Sammons v. Taylor*, 967 F.2d 1533, 1544 n.5 (11th Cir. 1992). However, the court is unable to reconcile *Cash* with *Woolworth* and *Bennett* in the context of the facts of this case. The court is doubtful that the Plaintiff's claim will survive a Rule 50 motion for judgment as a matter of law, but finds that it will be necessary to hear the evidence of constructive notice before rendering an opinion. In short, "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *accord Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001).

## V.  CONCLUSION

Accordingly, it is ORDERED that Wal-Mart's Motion for Summary Judgment (Doc. # 13) is DENIED.

DONE this 16th day of June, 2011.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

11